JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAGANI N. GARCIA,<br><br>          Plaintiff,<br><br>     v.<br><br>REAL TIME RESOLUTION INC et al.,<br><br>          Defendants. | Case No. 2:26-cv-01607-SB-BFM<br><br><br>ORDER GRANTING EX PARTE APPLICATION FOR REMAND [DKT. NO. 8] |

Plaintiff seeks to enjoin the impending foreclosure and sale of his home arising from an alleged default on a home equity line of credit.  He filed a complaint in state court against various entities associated with the loan.  Three of the four defendants removed the case.  Plaintiff filed an emergency ex parte request for remand, or, in the alternative, a temporary restraining order (TRO) to halt the foreclosure sale.  Because the removal was procedurally improper, the Court grants the request for remand, denies the alternative request for a temporary restraining order as moot, and vacates the February 24 hearing.

I.

This action arises from a foreclosure dispute regarding property owned by Plaintiff Isagani N. Garcia in Porter Ranch, California.  In November 2005, Plaintiff and his wife obtained two loans from Aegis Wholesale Corporation—a senior mortgage and a junior home equity line of credit (HELOC)—to finance the purchase of their residence.  The loans were secured by deeds of trust on their home, with Mortgage Electronic Registration Systems, Inc. (MERS) named as the beneficiary.  Plaintiff ceased making payments on the HELOC around 2012.  That same year, Real Time Resolutions, Inc. (RTR) began servicing the loan.  In 2020, Plaintiff refinanced the primary mortgage on the home, believing the refinancing extinguished both deeds of trust.  In 2025, MERS assigned the HELOC deed of

trust to RRA CP Opportunity Trust (RRA).  RTR initiated foreclosure proceedings by recording a notice of default claiming over $129,000 in arrears.

On February 4, 2026, Plaintiff filed a complaint in Los Angeles Superior Court against RTR, RRA, Aegis, and MERS to stop the foreclosure, alleging that the 2020 refinancing had extinguished the lien.[1]  Dkt. No, 1-1.  The complaint asserts 10 causes of action, including wrongful foreclosure, quiet title, fraud, and violations of the Truth in Lending Act (TILA) and the Real Estate Settlement Procedures Act (RESPA).

Defendants RTR, RRA, and MERS removed the case on February 17.  Dkt. No. 1.  Plaintiff filed an emergency application for remand three days later, disputing the existence of subject-matter jurisdiction and arguing that removal was procedurally improper.  Dkt. No. 8.  Plaintiff alternatively requests a TRO and a stay of the foreclosure sale scheduled for February 27, 2026.  Defendants oppose the application.  Dkt. No. 9.

II.

District courts have original jurisdiction over civil actions:  (1) "arising under the Constitution, laws, or treaties of the United States" (federal-question jurisdiction), 28 U.S.C. § 1331; and (2) "where the amount in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States, *id* § 1332(a) (diversity jurisdiction).  The removing party has the burden of showing that removal is proper, *see Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004), and the Ninth Circuit has recognized a "strong presumption against removal," such that any doubts as to whether a case is properly removed must be resolved in favor of remand to state court, *see Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (cleaned up).

Defendants assert federal-question jurisdiction because the complaint expressly pleads two causes of action under federal statutes—TILA and RESPA. Defendants also allege diversity jurisdiction.  Plaintiff disputes both bases for

---

[1] In his TRO application, Plaintiff acknowledges that, after filing the complaint, he discovered that the 2020 refinancing applied only to the first mortgage. He therefore shifts from the theories alleged in the complaint and instead contends that RTR and RRA cannot enforce the debt based on the statute of limitations, alleged notice violations, and various equitable defenses.

jurisdiction and argues that removal is also procedurally improper because not all
defendants consented to removal.

A.

Plaintiff disputes the existence of federal-question jurisdiction, arguing that
the TILA and RESPA claims are merely incidental alternative theories within a
predominantly state-law quiet title and wrongful foreclosure action.  This argument
is without merit.

The existence of federal-question jurisdiction "is governed by the 'well-
pleaded complaint rule,' which provides that federal jurisdiction exists only when a
federal question is presented on the face of the plaintiff's properly pleaded
complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "[A] federally
created claim for relief is generally a sufficient condition for federal-question
jurisdiction."  *Tijerino v. Stetson Desert Project, LLC*, 934 F.3d 968, 971 (9th Cir.
2019) (cleaned up); *see also Gaines v. L.A. Cnty. Metro. Transp. Auth.*, No. 2:25-
01255-KK, 2025 WL 1270296, at *1 (C.D. Cal. May 1, 2025) ("Where a
complaint pleads both federal and state claims, the federal claims suffice to
establish the federal court's jurisdiction.").

Because Plaintiff seeks relief under federal statutes providing private causes
of action—RESPA (12 U.S.C. § 2605) and TILA (15 U.S.C. § 1635)—there is
federal-question jurisdiction.[2]

B.

Defendants must still comply with the procedural requirements for removal,
including that "all defendants who have been properly joined and served must join
in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A); *see, e.g.*,
*Fast Post Shanghai Logistics Co. v. B612 Tima Inc.*, No. 23-CV-1628-JGB, 2023
WL 6848049 (C.D. Cal. Oct. 13, 2023) (requiring unanimous consent to removal
for case removed based on federal-question jurisdiction).  Here, the notice of
removal was filed on behalf of Defendants RTR, RRA Trust, and MERS.  The
notice acknowledges that Aegis has not consented to removal.  Dkt. No. 1 at 4

---

[2] Because there is federal-question jurisdiction, the Court does not address the
parties' arguments about the existence of diversity jurisdiction.

(stating that the removing parties are "unaware whether Plaintiff has served Aegis").

A removing defendant need not obtain the consent of unserved co-defendants, but if fewer than all defendants join in removal, the removing party must affirmatively explain their absence in the notice of removal. *Prize Frize Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999) *superseded by statute, on other grounds* ("Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal.").

Defendants have not met their burden of explaining the absence of Aegis's consent to removal. Indeed, the notice of removal does not demonstrate that the removing Defendants made any effort to determine whether Aegis has been served. It states only that Defendants are "unaware" whether Aegis has been served—an assertion unsupported by a declaration from counsel. Dkt. No. 1 at 2; Dkt. No. 1-1 at 2.

Moreover, the record suggests that Aegis was served and that the removing defendants were on notice of that fact. "[O]nce a removing defendant has notice that a co-defendant has been properly served, the level of diligence exercised is irrelevant—they must obtain that co-defendant's consent before removing an action." *Obeso v. Nat'l R.R. Passenger Corp.*, No. 23-CV-02793, 2023 WL 6278880, at *5 (N.D. Cal. Sept. 25, 2023). Among the state court documents attached to the removal notice is a declaration from Plaintiff's counsel stating that he initiated service on all defendants on February 6, 2026, and that service would be completed by February 12. Dkt. No. 1-1 at 104 of 111. The state court docket shows that Plaintiff filed proof of service for Aegis on February 10.[3] This is sufficient to put Defendants on notice that Aegis has been served and must consent to removal. *See Vargas v. Riley, No. 18-CV-00567*, 2018 WL 2267731, at *3 (N.D. Cal. May 17, 2018) ("[A] notation in the state docket would be sufficient to provide the [removing defendant] notice that a co-defendant had been served."); *see also Obeso*, 2023 WL 6278880, at *5 (noting that it was "inexcusable" for defendant to file notice of removal without obtaining other defendant's consent where proof of service was filed in state court).

---

[3] *See* Case No. 26STCV03657 (L.A. Sup. Ct., Feb 10, 2026) (proof of service form stating that Aegis Wholesale Corporation was served by personal service on February 6, 2026, at 9:25 a.m.)

In opposing the remand request, Defendants attempt to shift the burden to Plaintiff and misstate the record.  They assert that Plaintiff's counsel "has not said he served Aegis" and that "[n]o proof of service is on file with the state court." Dkt. No. 9 at 7.  These assertions are contradicted by the declaration attached to the notice of removal—which states that service was executed on Aegis through a registered agent listed with the California Secretary of State (Dkt. No. 1-1 at 104 of 111)—and the state court docket.  Defendants also suggest that Aegis no longer exists as a corporation, describing Aegis as "a corporation nearly 20 years in the grave" (*id*.), but the cited document shows only that Aegis surrendered its right to transact business in California in 2008 (Dkt. No. 9-1).

Accordingly, Defendants were on notice that Aegis was served and that its consent was necessary to remove this action to federal court.  Defendants have therefore failed to meet their burden of explaining the absence of Aegis's consent and showing that removal is proper.

III.

For the reasons stated above, the Court grants Plaintiff's request to remand. This action is remanded to the Los Angeles Superior Court, Case No. 26STCV03657.  Plaintiff's alternative request for a TRO is denied as moot.  The clerk's office is ordered to forward a copy of this order to the Superior Court immediately.

Date: February 23, 2026

                                        Stanley Blumenfeld, Jr.
                                   United States District Judge